CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 14 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KATHERINE F. THOMAS, | CASE NO. 5:12CV00064 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's October 7, 2008 applications for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. On October 31, 2013, the Commissioner moved to dismiss on the grounds that the complaint was not timely filed, and plaintiff has responded. The question presented is whether the plaintiff's complaint was timely filed. For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion to dismiss.

In a decision dated August 12, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff was not disabled within the meaning of the Social Security Act. (Dkt. No. 11-1, at 16.) Plaintiff appealed the Law Judge's decision to the Appeals Council. In its April 11, 2012 decision, the Appeals Council found no basis to review the Law Judge's decision. (Dkt. No. 11-1, at 21.) The Appeals Council denied review, adopted the Law Judge's decision as the final decision of the Commissioner, and informed the plaintiff of her right to file a civil action within sixty (60) days of her receipt of the decision. (*Id.*)

1

On June 21, 2012, plaintiff filed this action in the United States District Court for the Western District of Virginia. (Dkt. No. 3.) Plaintiff did not request an extension of the sixty day period from the Commissioner prior to filing her action in this court. (Dkt. No. 11-1, at 3.) On October 31, 2012, the Commissioner moved to dismiss the complaint as untimely. (Dkt. No. 10.)

Under 42 U.S.C. § 405(g), an individual must file a civil action within sixty (60) days of the mailing of the notice of the Appeals Council's decision, or within such further time as the Commissioner should allow. The Social Security Administration has promulgated regulations extending that time period to sixty (60) days after the individual receives the notice of the Appeals Council's decision. 20 C.F.R. § 422.210(c). However, the regulation provides that "the date of receipt . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

The sixty day period is a statute of limitations rather than a jurisdictional bar and, therefore, is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The Fourth Circuit has held that "tolling of the period of limitation will rarely be appropriate." *Hyatt v. Heckler*, 807 F.2d 376, 376 (4th Cir. 1986). The Supreme Court has established that equitable tolling against the government follows the same standard as equitable tolling against private individuals, and it generally has been allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990). Equitable tolling does not, however, extend to "a garden variety claim of excusable neglect." *Id.* Moreover, "attorney negligence does not justify equitable tolling." *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 227 (4th Cir. 2005).

2

Plaintiff opposes dismissal on the grounds that she did not receive her mail in time, and that her lawyer informed her that he would not continue to represent her without payment of a $350 fee. (Dkt. No. 3-2, at 1; Dkt. No. 13, at 1.) Plaintiff further explains that when she and her counsel could not agree on his continued representation, she then "filled out the paperwork" to file *in forma pauperis*, which status the court granted. (Dkt. No. 2.) Plaintiff also explained that her mail was received late because she was in the process of moving, and the docket reveals that she notified the court of her change in address on October 19, 2012. There is no indication in the record when, if at all, plaintiff may have informed the Commissioner of any address changes.

While, under 20 C.F.R. § 422.210(c), plaintiff is entitled to file an action challenging the Commissioner's final decision within sixty days of actual receipt of the notice unless extended by the Appeals Council, she has failed to provide the court either with any evidence regarding the date she actually received the notice or with any proof that the Appeals Council agreed to an extension. Thus, under the regulations there is a presumption plaintiff received notice on April 16, 2012, five days after the date of mailing. Thus, plaintiff's complaint was due sixty days after receipt, which was June 15, 2012. The complaint was not filed until six days after that date, on June 21, 2012, and, accordingly, was untimely.

Other than what plaintiff has asserted about the "miscommunications" with her former counsel concerning any continuing representation of her on judicial review and his determination not to proceed further without a fee, plaintiff has not set forth any recognized basis for equitable tolling. Her assertions certainly do not set forth any of the reasons recognized in *Irwin* for the application of equitable tolling.[1] Plaintiff's pleadings are not defective, and she has not

---

[1] The undersigned will not speculate about the reasons why plaintiff's former counsel elected not to represent her on judicial review or about advice was or was not given plaintiff concerning her appeal options. Two things are clear from the record and plaintiff's pleadings, namely: 1) Plaintiff's counsel also was sent a copy of the Appeals Council's decision which presumptively

3

established in any way that the Commissioner induced or tricked her into not filing a timely appeal. Under these circumstances, the undersigned finds that plaintiff's failure to file in a timely manner has not been equitably tolled.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for to dismiss and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and to plaintiff at her last known address.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

February 14, 2013
Date

---

arrived by April 16, 2012 (Dkt No. 10, Exhibit 1.); and 2) plaintiff had some conversation with counsel about appealing when counsel declined to represent plaintiff at some point prior to the expiration of the sixty (60) day period.

4